## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA SIMMONS, | ) |
|     Plaintiff, | ) CIVIL ACTION NO. |
| v. | ) COMPLAINT |
| TRANS UNION, LLC, and | ) JURY TRIAL DEMANDED |
| EXPERIAN INFORMATION SOLUTIONS, INC., and | ) NON-ARBITRATION |
| EQUIFAX INFORMATION SERVICES LLC, and | ) |
| SYNCHRONY BANK, | ) |
|     Defendants. | ) |

**PRELIMINARY STATEMENT**

1. This is an action for damages brought by an individual consumer, Rita Simmons, against Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, and Synchrony Bank (collectively "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, the Truth in Lending Act ("TILA") as amended by the Fair Credit Billing Act ("FCBA"), the regulations issued pursuant to those statutes, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Rita Simmons is an adult individual residing in the Philadelphia, Pennsylvania.

5. Defendant Trans Union, LLC ("Trans Union"), is a credit reporting business which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6. Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

7. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1550 Peachtree Street, NE, Atlanta, GA 30309.

8. Defendant Synchrony Bank ("Synchrony") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 777 Long Ridge Road, Stamford, CT 06902.

## FACTUAL ALLEGATIONS

9. Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties from at least April 2025 through to the present.

10. The inaccurate information includes, but is not limited to, a payment history for an account associated with Defendant Synchrony.

11. Plaintiff opened and for certain transactions utilized consumer credit account through PayPal Credit (the "Credit Account"), which provides consumers with a line of credit through Synchrony.

12. At all times relevant hereto, Plaintiff used the Credit Account for personal, family and household purposes.

13. Prior to April 2025, Plaintiff had informed Synchrony that her account information had been compromised.

14. In or around April 2025, Plaintiff noticed several fraudulent and unauthorized transactions from the Credit Account, totaling $2,895.11 (hereinafter "Fraud Charges").

15. Plaintiff disputed the Fraud Charges to Synchrony immediately.

16. On or around April 14, 2025, in response to Plaintiff's dispute, Synchrony told Plaintiff that the charges would be refunded.

17. However, Synchrony continued to include the balance of the Fraud Charges to the Credit Account, and demanded payment on the charges.

18. On or around April 19, 2025, Synchrony began demanding a minimum payment on the Credit Account, which included payment towards the Fraud Charges.

19. Synchrony made that demand despite the fact that there was clear evidence that the Fraud Charges were fraudulent and unauthorized.

20. Following receipt of Plaintiff's disputes, Synchrony was required to perform reasonable investigations into Plaintiff's disputes.

21. Synchrony failed to perform an "investigation" as that term is defined and used in the FCBA and TILA.

22. Further, Synchrony failed to produce any documentation or any other evidence or proof that the Fraud Charges were made by Plaintiff.

23. Plaintiff received credit reports from Defendants Trans Union, Experian, and Equifax (the "CRAs") that included the derogatory information about the Credit Account, and included an outstanding balance and amount due based on inclusion of the Fraud Charges (hereinafter the "inaccurate information").

24. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

25. The CRAs have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

26. The CRAs have repeatedly published and disseminated consumer reports to such third parties from at least May 2025 through the present.

27. Plaintiff has disputed the inaccurate information with the CRAs from May 2025 through the present by following the CRAs' established procedures for submitting disputes.

28. Notwithstanding Plaintiff's efforts, the CRAs have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and the CRAs continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. The CRAs have repeatedly published and disseminated consumer reports to such third parties from at least July 2025 through the present.

29. Despite Plaintiff's efforts, the CRAs have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded

any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

30. Notwithstanding Plaintiff's disputes, Synchrony, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the CRAs concerning Plaintiff's disputes, and has willfully continued to report such inaccurate information to the CRAs.

31. Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

32. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of substantial financial harm, loss of funds, loss of credit, credit defamation, loss of credit opportunities, and emotional distress, including anxiety, frustration, embarrassment and humiliation.

33. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

34. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**COUNT ONE – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Trans Union, Experian and Equifax)**

35. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

36. At all times pertinent hereto, Trans Union, Experian, and Equifax were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

37. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

38. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

39. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union, Experian and Equifax are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

40. The conduct of Trans Union, Experian, and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union, Experian and Equifax are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**COUNT TWO – VIOLATIONS OF THE FCRA**
**(Plaintiff v. Synchrony)**

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. At all times pertinent hereto, Synchrony was a "person" as that term defined by 15 U.S.C. § 1681a(b).

43. At all times pertinent hereto, Synchrony was a "furnisher" of credit information as defined by the FCRA.

44. Synchrony violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

45. Synchrony's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Synchrony is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**COUNT THREE – VIOLATIONS OF THE TILA, 15 U.S.C. § 1643**
**(Plaintiff v. Synchrony)**

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. Pursuant to 15 U.S.C. § 1643, a cardholder's liability for unauthorized use is limited to $50.

48. The unauthorized charges were the result of "unauthorized use" as that term is used in 15 U.S.C. § 1643.

49. The unauthorized charges are the result of use of the Credit Account by a person, other than Plaintiff, who did not have actual, implied, or apparent authority to use the Credit Account.

50. Despite the fact that the unauthorized charges were the result of unauthorized use, Synchrony violated 15 U.S.C. § 1643, and demanded and compelled Plaintiff to pay the full amount of the unauthorized charges.

51. Despite the fact that the unauthorized charges were the result of unauthorized use, Synchrony held Plaintiff liable for the full amount of the unauthorized charges.

52. The conduct of Synchrony was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Synchrony is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT FOUR – VIOLATIONS OF THE TILA, 15 U.S.C. § 1666(a)
### (Plaintiff v. Synchrony)

53. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

54. Pursuant to 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(c), (f), Synchrony is required to perform a reasonable investigation upon receipt of a notice of billing error dispute.

55. Within sixty (60) days of the unauthorized charges first appearing on Plaintiff's account, Plaintiff disputed the charges to Synchrony, and notified Synchrony that the charges were "unauthorized" as that term is used 15 U.S.C. § 1643.

56. Despite receiving Plaintiff's dispute and notification, Synchrony failed to perform a reasonable investigation into Plaintiff's dispute.

57. By failing to perform a reasonable investigation upon receipt of Plaintiff's billing error dispute, Synchrony violated 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(c), (f).

58. The conduct of Synchrony was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Synchrony is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT FIVE – VIOLATIONS OF THE TILA, 15 U.S.C. § 1666(a)(3)(B)
### (Plaintiff v. Synchrony)

59. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

60. Section 1666(a)(3)(B) of TILA prohibits Synchrony from attempting to collect amounts that are subject to a billing error dispute until Synchrony complies with its obligations under TILA and Regulation Z, including its obligation to reasonably investigate, timely conclude its investigation, and report the results to the consumer.

61. As described above, Synchrony failed to comply with its obligations under TILA and Regulation Z to perform a reasonable investigation and report to the consumer.

62. Despite its failure to comply with its obligations under TILA and Regulation Z, Synchrony demanded, and compelled Plaintiff to pay, the amounts associated with the unauthorized charges.

63. Despite its failure to comply with its obligations under TILA and Regulation Z, Synchrony represented to Plaintiff that she was liable for the amounts associated with the unauthorized charges.

64. By attempting to collect the amounts associated with the unauthorized charges, Synchrony violated 15 U.S.C. § 1666(a)(3)(B).

65. The conduct of Synchrony was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Synchrony is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT SIX – VIOLATIONS OF THE UTPCPL
### (Plaintiff v. Synchrony)

66. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

67. Synchrony is a "person" as that term is defined by 73 Pa. Stat. § 201-2(2).

68. Plaintiff is a "person" as that term is used in 73 Pa. Stat. § 201-2(2).

69. Plaintiff opened the Credit Account and signed a customer agreement with Synchrony for personal purposes as that term is used in 73 Pa. Stat. § 201-9.2

70. Synchrony's actions described above were "trade" and "commerce" as those terms are defined by 73 Pa. Stat. § 201-2(3)

71. As detailed above, Synchrony engaged in "unfair or deceptive acts and practices" as that term is defined by 73 Pa. Stat. § 201-2(4).

72. Synchrony, by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, including but not limited to the following:

    a. Failing to expeditiously investigate and correct the compromising of account information;

    b. Making false representations about the security of its online banking;

    c. Making false representations about the refund of Plaintiff's credit;

    d. Allowing fraudulent transactions to be made from the Credit Account to an unauthorized third party; and

    e. Imposing the cost of the fraudulent transactions on Plaintiff.

73. Synchrony's acts and omissions detailed herein violate 73 Pa. Stat. § 201-3(a).

74. Plaintiff suffered an ascertainable loss of money by the unauthorized transactions as described herein.

75. As a financial institution, Synchrony knew or should have known prior to entering into an agreement with Plaintiff the laws governing its relationship with Plaintiff.

76. The routine business practices of Synchrony, subject to this claim, disregarded the laws governing its relationship with Plaintiff.

77. No reasonable person would assume that an institution like Synchrony would violate the laws governing its activities.

78. Plaintiff justifiably relied on Synchrony's acts and omissions by believing that it would take swift action in response to transfers and transactions that it knew or should have known to be fraudulent, and she continued to follow Synchrony's directions and instructions as further evidence of that reasonable reliance.

79. As a result, Plaintiff has suffered significant harm, including financial, actual, and compensatory harm, along with the ascertainable loss described above.

80. As a result of the above violations of the UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory and actual damages, and attorney's fees and costs.

**JURY TRIAL DEMANDED**

81. Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY: */s/ Mark D. Mailman*
Mark D. Mailman, Esquire
Joseph L. Gentilcore, Esquire
William J, Cooper, Esquire
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
mmailman@consumerlawfirm.com
jgentilcore@consumerlawfirm.com
wcooper@consumerlawfirm.com

Dated: March 13, 2026        *Attorneys for Plaintiff*