IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RITA SIMMONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TRANS UNION, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., EQUIFAX INFORMATION SERVICES, LLC, and SYNCHRONY BANK,<br><br>　　　　　Defendants. | Case No. 2:26-cv-01655-JFM<br><br>DEFENDANT EQUIFAX INFORMATION SERVICES, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT |

**ANSWER TO PLAINTIFF'S COMPLAINT OF DEFENDANT
<u>EQUIFAX INFORMATION SERVICES, LLC</u>**

Defendant Equifax Information Services, LLC ("Equifax"), by and through its attorneys

and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's

Complaint [ECF No. 1] as follows:

**EQUIFAX'S PRELIMINARY STATEMENT**

In answering the Complaint, Equifax states that it is responding to allegations on behalf of

itself only, even where the allegations pertain to alleged conduct by all Defendants. Equifax denies

any and all allegations in the headings and/or unnumbered paragraphs in the Complaint.

**ANSWER**

In response to the specific allegations in the enumerated paragraphs in the Complaint,

Equifax responds as follows:

**<u>PRELIMINARY STATEMENT</u>**

**<u>COMPLAINT ¶1:</u>**

This is an action for damages brought by an individual consumer, Rita Simmons, against
Trans Union, LLC, Experian Information Solutions, Inc., Equifax Information Services, LLC, and
Synchrony Bank (collectively "Defendants") for violations of the Fair Credit Reporting Act
("FCRA"), 15 U.S.C. §§ 1681, *et seq.*, the Truth in Lending Act ("TILA") as amended by the Fair

Credit Billing Act ("FCBA"), the regulations issued pursuant to those statutes, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL").

**ANSWER:**

Equifax admits only that Plaintiff purports to bring an action pursuant to the Fair Credit Reporting Act ("FCRA"), the Truth in Lending Act ("TILA") as amended by the Fair Credit Billing Act ("FCBA"), and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). Equifax denies that it violated the law and further denies that Plaintiff is entitled to any relief whatsoever from Equifax. Equifax denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

**COMPLAINT ¶2:**

Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶3:**

Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**PARTIES**

**COMPLAINT ¶4:**

Plaintiff Rita Simmons is an adult individual residing in the Philadelphia, Pennsylvania.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶5:**

Defendant Trans Union, LLC ("Trans Union"), is a credit reporting business which regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶6:**

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 4 Gatehall Drive, 3rd Floor, Parsippany, NJ 07054.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶7:**

Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1550 Peachtree Street, NE, Atlanta, GA 30309.

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency"

under the FCRA as to those activities only. Equifax also admits that it is registered to do business

in the Commonwealth of Pennsylvania and that it maintains its principal address at 1550 Peachtree

Street NW, Atlanta, Georgia 30309.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶8:**

Defendant Synchrony Bank ("Synchrony") is a business entity that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 777 Long Ridge Road, Stamford, CT 06902.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶9:**

Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties from at least April 2025 through to the present.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶10:**

The inaccurate information includes, but is not limited to, a payment history for an account associated with Defendant Synchrony.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶11:**

Plaintiff opened and for certain transactions utilized consumer credit account through PayPal Credit (the "Credit Account"), which provides consumers with a line of credit through Synchrony.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

- 5 -

**COMPLAINT ¶12:**

At all times relevant hereto, Plaintiff used the Credit Account for personal, family and household purposes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶13:**

Prior to April 2025, Plaintiff had informed Synchrony that her account information had been compromised.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶14:**

In or around April 2025, Plaintiff noticed several fraudulent and unauthorized transactions from the Credit Account, totaling $2,895.11 (hereinafter "Fraud Charges").

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Plaintiff disputed the Fraud Charges to Synchrony immediately.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

On or around April 14, 2025, in response to Plaintiff's dispute, Synchrony told Plaintiff that the charges would be refunded.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

However, Synchrony continued to include the balance of the Fraud Charges to the Credit Account, and demanded payment on the charges.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

On or around April 19, 2025, Synchrony began demanding a minimum payment on the Credit Account, which included payment towards the Fraud Charges.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶19:**

Synchrony made that demand despite the fact that there was clear evidence that the Fraud Charges were fraudulent and unauthorized.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶20:**

Following receipt of Plaintiff's disputes, Synchrony was required to perform reasonable investigations into Plaintiff's disputes.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶21:**

Synchrony failed to perform an "investigation" as that term is defined and used in the FCBA and TILA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶22:**

Further, Synchrony failed to produce any documentation or any other evidence or proof that the Fraud Charges were made by Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶23:**

Plaintiff received credit reports from Defendants Trans Union, Experian, and Equifax (the "CRAs") that included the derogatory information about the Credit Account, and included an outstanding balance and amount due based on inclusion of the Fraud Charges (hereinafter the "inaccurate information").

**ANSWER:**

Equifax denies reporting inaccurate information. Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's creditworthiness.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶25:**

The CRAs have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶26:**

The CRAs have repeatedly published and disseminated consumer reports to such third parties from at least May 2025 through the present.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

Plaintiff has disputed the inaccurate information with the CRAs from May 2025 through the present by following the CRAs' established procedures for submitting disputes.

**ANSWER:**

Equifax admits that in July 2025, it received a letter from Plaintiff concerning a PayPal

account. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶28:**

Notwithstanding Plaintiff's efforts, the CRAs have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and the CRAs continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. The CRAs have repeatedly published and disseminated consumer reports to such third parties from at least July 2025 through the present.

**ANSWER:**

Equifax admits that it has sent Plaintiff reinvestigation results, the contents of which speak

for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶29:**

Despite Plaintiff's efforts, the CRAs have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶30:**

Notwithstanding Plaintiff's disputes, Synchrony, furnisher of the inaccurate information, has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the CRAs concerning Plaintiff's disputes, and has willfully continued to report such inaccurate information to the CRAs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶31:**

Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, and have continued to report the derogatory inaccurate information about the Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶32:**

As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of substantial financial harm, loss of funds, loss of credit, credit defamation, loss of credit

opportunities, and emotional distress, including anxiety, frustration, embarrassment and humiliation.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶33:**

At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

**ANSWER:**

Equifax admits that it conducts business through its employees and others. Equifax denies

the remaining allegations in this paragraph.

**COMPLAINT ¶34:**

At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**ANSWER:**

Equifax denies the allegations in this paragraph.

<u>**COUNT ONE – VIOLATIONS OF THE FCRA**</u>
<u>**(Plaintiff v. Trans Union, Experian and Equifax)**</u>

**COMPLAINT ¶35:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶36:**

At all times pertinent hereto, Trans Union, Experian, and Equifax were each a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA as to those activities only.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶37:**

At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶38:**

At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶39:**

Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Trans Union, Experian and Equifax are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency in violation of 15 U.S.C. §§ 1681e(b) and 1681i.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶40:**

The conduct of Trans Union, Experian, and Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the

Plaintiff that are outlined more fully above and, as a result, Trans Union, Experian and Equifax are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

### COUNT TWO – VIOLATIONS OF THE FCRA
### (Plaintiff v. Synchrony)

**COMPLAINT ¶41:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶42:**

At all times pertinent hereto, Synchrony was a "person" as that term defined by 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶43:**

At all times pertinent hereto, Synchrony was a "furnisher" of credit information as defined by the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶44:**

Synchrony violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2(b).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶45:**

Synchrony's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result, Synchrony is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorney's fees and costs, as well as such other relief, permitted by law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COUNT THREE – VIOLATIONS OF THE TILA, 15 U.S.C. § 1643
#### (Plaintiff v. Synchrony)

**COMPLAINT ¶46:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶47:**

Pursuant to 15 U.S.C. § 1643, a cardholder's liability for unauthorized use is limited to $50.

- 13 -

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶48:**

The unauthorized charges were the result of "unauthorized use" as that term is used in 15 U.S.C. § 1643.

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶49:**

The unauthorized charges are the result of use of the Credit Account by a person, other than Plaintiff, who did not have actual, implied, or apparent authority to use the Credit Account.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶50:**

Despite the fact that the unauthorized charges were the result of unauthorized use, Synchrony violated 15 U.S.C. § 1643, and demanded and compelled Plaintiff to pay the full amount of the unauthorized charges.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶51:**

Despite the fact that the unauthorized charges were the result of unauthorized use, Synchrony held Plaintiff liable for the full amount of the unauthorized charges.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶52:**

The conduct of Synchrony was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Synchrony is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

### COUNT FOUR – VIOLATIONS OF THE TILA, 15 U.S.C. § 1666(a)
### (Plaintiff v. Synchrony)

**COMPLAINT ¶53:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶54:**

Pursuant to 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(c), (f), Synchrony is required to perform a reasonable investigation upon receipt of a notice of billing error dispute.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶55:**

Within sixty (60) days of the unauthorized charges first appearing on Plaintiff's account, Plaintiff disputed the charges to Synchrony, and notified Synchrony that the charges were "unauthorized" as that term is used 15 U.S.C. § 1643.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶56:**

Despite receiving Plaintiff's dispute and notification, Synchrony failed to perform a reasonable investigation into Plaintiff's dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶57:**

By failing to perform a reasonable investigation upon receipt of Plaintiff's billing error dispute, Synchrony violated 15 U.S.C. § 1666(a) and 12 C.F.R. § 1026.13(c), (f).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶58:**

The conduct of Synchrony was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined

more fully above, and as result, Synchrony is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT FIVE – VIOLATIONS OF THE TILA, 15 U.S.C. § 1666(a)(3)(B)**
**(Plaintiff v. Synchrony)**

**COMPLAINT ¶59:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶60:**

Section 1666(a)(3)(B) of TILA prohibits Synchrony from attempting to collect amounts that are subject to a billing error dispute until Synchrony complies with its obligations under TILA and Regulation Z, including its obligation to reasonably investigate, timely conclude its investigation, and report the results to the consumer.

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for

themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

misquotes, or takes out of context the contents of the statutory provisions referenced by this

paragraph.

**COMPLAINT ¶61:**

As described above, Synchrony failed to comply with its obligations under TILA and Regulation Z to perform a reasonable investigation and report to the consumer.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶62:**

Despite its failure to comply with its obligations under TILA and Regulation Z, Synchrony demanded, and compelled Plaintiff to pay, the amounts associated with the unauthorized charges.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶63:**

Despite its failure to comply with its obligations under TILA and Regulation Z, Synchrony represented to Plaintiff that she was liable for the amounts associated with the unauthorized charges.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶64:**

By attempting to collect the amounts associated with the unauthorized charges, Synchrony violated 15 U.S.C. § 1666(a)(3)(B).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶65:**

The conduct of Synchrony was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above, and as result, Synchrony is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COUNT SIX – VIOLATIONS OF THE UTPCPL**
**(Plaintiff v. Synchrony)**

**COMPLAINT ¶66:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶67:**

Synchrony is a "person" as that term is defined by 73 Pa. Stat. § 201-2(2).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶68:**

Plaintiff is a "person" as that term is used in 73 Pa. Stat. § 201-2(2).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶69:**

Plaintiff opened the Credit Account and signed a customer agreement with Synchrony for personal purposes as that term is used in 73 Pa. Stat. § 201-9.2

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶70:**

Synchrony's actions described above were "trade" and "commerce" as those terms are defined by 73 Pa. Stat. § 201-2(3)

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶71:**

As detailed above, Synchrony engaged in "unfair or deceptive acts and practices" as that term is defined by 73 Pa. Stat. § 201-2(4).

**ANSWER:**

Equifax states that this paragraph contains legal conclusions not subject to admission or denial. If further response is required, Equifax states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COMPLAINT ¶72:**

Synchrony, by its acts or omissions described herein, made materially false, misleading oral or written statements or other representations, directly and indirectly through authorized agents and employees, including but not limited to the following:

    a.    Failing to expeditiously investigate and correct the compromising of account information;

    b.    Making false representations about the security of its online banking;

    c.    Making false representations about the refund of Plaintiff's credit;

      d.      Allowing fraudulent transactions to be made from the Credit Account to an unauthorized third party; and

      e.      Imposing the cost of the fraudulent transactions on Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶73:**

Synchrony's acts and omissions detailed herein violate 73 Pa. Stat. § 201-3(a).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶74:**

Plaintiff suffered an ascertainable loss of money by the unauthorized transactions as described herein.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶75:**

As a financial institution, Synchrony knew or should have known prior to entering into an agreement with Plaintiff the laws governing its relationship with Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶76:**

The routine business practices of Synchrony, subject to this claim, disregarded the laws governing its relationship with Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶77:**

No reasonable person would assume that an institution like Synchrony would violate the laws governing its activities.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶78:**

Plaintiff justifiably relied on Synchrony's acts and omissions by believing that it would take swift action in response to transfers and transactions that it knew or should have known to be fraudulent, and she continued to follow Synchrony's directions and instructions as further evidence of that reasonable reliance.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶79:**

As a result, Plaintiff has suffered significant harm, including financial, actual, and compensatory harm, along with the ascertainable loss described above.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding

the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶80:**

As a result of the above violations of the UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory and actual damages, and attorney's fees and costs.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief as to the truth regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**JURY TRIAL DEMANDED**

**COMPLAINT ¶81:**

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a)    Actual damages;

    (b)    Statutory damages;

    (c)    Punitive damages;

    (d)    Costs and reasonable attorney's fees; and

    (e)    Such other and further relief as may be necessary, just and proper.

**ANSWER:**

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

Any allegation in Plaintiff's Complaint not specifically responded to herein is expressly denied.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

- 24 -

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

Dated:    June 8, 2026                    Respectfully submitted,

**CLARK HILL PLC**

*/s/ Beatrice D. Segal*
Beatrice D. Segal, PA ID # 332192
Two Commerce Square
2001 Market St, Suite 2620
Philadelphia, PA 19103
Tel: (215) 640-8419
Fax: (215) 640-8501
bsegal@clarkhill.com
*Counsel for Defendant,*
*Equifax Information Services, LLC*

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.


Dated:    June 8, 2026                              */s/ Beatrice D. Segal*
                                                     Beatrice D. Segal