**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RITA SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  2:26-cv-01655-JFM |
| | ) | |
| TRANS UNION, LLC; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC.; | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC; and SYNCHRONY BANK, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SYNCHRONY BANK'S ANSWER TO COMPLAINT**

Defendant Synchrony Bank ("Synchrony") files its Answer to Plaintiff Rita Simmons' ("Plaintiff") Complaint, and states as follows:

**PRELIMINARY STATEMENT**

1.      The Complaint is a document in writing that speaks for itself.  To the extent the allegations in Paragraph 1 contradict the writing, they are denied.  Synchrony denies the remaining allegations as stated.

**JURISDICTION AND VENUE**

2.      The allegations in Paragraph 2 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

3.      The allegations in Paragraph 3 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

**PARTIES**

4.      Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore denies those allegations.

1

5.    Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 and therefore denies those allegations.

6.    Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 and therefore denies those allegations.

7.    Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7 and therefore denies those allegations.

8.    Synchrony admits it is a federally chartered savings association with its principal place of business in Draper, Utah.  Synchrony denies the remaining allegations as stated.

## FACTUAL ALLEGATIONS

9.    The reporting and statements are documents in writing that speak for themselves. To the extent the allegations in Paragraph 9 contradict the writings, they are denied.  To the extent the allegations in Paragraph 9 set forth conclusions of law, no response is required.  To the extent a response is required, Synchrony denies the allegations.

10.    The credit reporting is a document in writing that speaks for itself.  To the extent the allegations in Paragraph 10 contradict the writing, they are denied.  To the extent the allegations in Paragraph 10 set forth conclusions of law, no response is required.  To the extent a response is required, Synchrony denies the allegations.

11.    Synchrony's investigation is ongoing and currently it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.

12.    Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies those allegations.

2

13.     Synchrony's investigation is ongoing and currently it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14.     Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

15.     Synchrony's investigation is ongoing and currently it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 15 and therefore denies those allegations.

16.     Synchrony's investigation is ongoing and currently it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies those allegations.

17.     Synchrony's investigation is ongoing and currently it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations.

18.     Synchrony's investigation is ongoing and currently it lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies those allegations.

19.     The allegations in Paragraph 19 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

20.     The allegations in Paragraph 20 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

21.     Denied.

22.     The allegations in Paragraph 22 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

23.     The credit reports are documents in writing that speak for themselves.  To the extent the allegations in Paragraph 23 contradict the writings, they are denied.  To the extent the allegations in Paragraph 23 set forth conclusions of law, no response is required.  To the extent a response is required, Synchrony denies the allegations.

24.     The allegations in Paragraph 24 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

25.     The allegations in Paragraph 25 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

26.     The consumer reports are documents in writing that speak for themselves.  To the extent the allegations in Paragraph 26 contradict the writings, they are denied.

27.     Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies those allegations.

28.     The responses and consumer reports are documents in writing that speak for themselves.  To the extent the allegations in Paragraph 28 contradict the writings, they are denied.  To the extent the allegations in Paragraph 28 set forth conclusions of law, no response is required.  To the extent a response is required, Synchrony denies the allegations.

29.     Synchrony lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29 and therefore denies those allegations.

30.     Denied.

31.     Denied.

32.     Denied.

33.     The allegations in Paragraph 33 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

34.     Denied.

### COUNT ONE – VIOLATIONS OF THE FCRA
#### (Plaintiff v. Trans Union, Experian and Equifax)

35.     Synchrony sets forth its responses to Paragraph 1 through 34 as if fully set forth herein.

36.     The allegations in Paragraph 36 are not directed at Synchrony, therefore no response is required.  To the extent a response is required, Synchrony denies the allegations.

37.     The allegations in Paragraph 37 are not directed at Synchrony, therefore no response is required.  To the extent a response is required, Synchrony denies the allegations.

38.     The allegations in Paragraph 38 are not directed at Synchrony, therefore no response is required.  To the extent a response is required, Synchrony denies the allegations.

39.     The allegations in Paragraph 39 are not directed at Synchrony, therefore no response is required.  To the extent a response is required, Synchrony denies the allegations.

40.     The allegations in Paragraph 40 are not directed at Synchrony, therefore no response is required.  To the extent a response is required, Synchrony denies the allegations.

### COUNT TWO – VIOLATIONS OF THE FCRA
#### (Plaintiff v. Synchrony)

41.     Synchrony sets forth its responses to Paragraph 1 through 40 as if fully set forth herein.

42.     The allegations in Paragraph 42 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

43.     The allegations in Paragraph 43 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

44.     Denied.

45.     Denied.

## COUNT THREE – VIOLATIONS OF THE TILA, 15 U.S.C. § 1643
### (Plaintiff v. Synchrony)

46.     Synchrony sets forth its responses to Paragraph 1 through 45 as if fully set forth herein.

47.     The allegations in Paragraph 47 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

48.     The allegations in Paragraph 48 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

49.      The allegations in Paragraph 49 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

50.     Denied.

51.     Denied.

52.     Denied.

## COUNT FOUR – VIOLATIONS OF THE TILA, 15 U.S.C. § 1666(a)
### (Plaintiff v. Synchrony)

53.     Synchrony sets forth its responses to Paragraph 1 through 52 as if fully set forth herein.

54.     The allegations in Paragraph 54 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

55.     The allegations in Paragraph 55 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.  To the extent a response is required, Synchrony's investigation is ongoing and currently it lacks information or

knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 55 and therefore denies those allegations.

56.    Denied.

57.    Denied.

58.    Denied.

### COUNT FIVE – VIOLATIONS OF THE TILA, 15 U.S.C. § 1666(a)(3)(B)
#### (Plaintiff v. Synchrony)

59.    Synchrony sets forth its responses to Paragraph 1 through 58 as if fully set forth herein.

60.    The allegations in Paragraph 60 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

61.    Denied.

62.    The allegations in Paragraph 62 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

63.    The allegations in Paragraph 63 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

64.    Denied.

65.    Denied.

### COUNT SIX – VIOLATIONS OF THE UTPCPL
#### (Plaintiff v. Synchrony)

66.    Synchrony sets forth its responses to Paragraph 1 through 65 as if fully set forth herein.

67.    The allegations in Paragraph 67 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

7

68.    The allegations in Paragraph 68 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

69.    The customer agreement is a document in writing that speaks for itself.  To the extent the allegations in Paragraph 69 contradict the writing, they are denied.  To the extent the allegations in Paragraph 69 set forth conclusions of law, no response is required.  To the extent a response is required, the allegations are denied.

70.    The allegations in Paragraph 70 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

75.    The allegations in Paragraph 75 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

76.    Denied.

77.    The allegations in Paragraph 77 set forth conclusions of law, to which no response is required.  To the extent a response is required, the allegations are denied.

78.    Denied.

79.    Denied.

80.    Denied.

## **JURY TRIAL DEMANDED**

81.    Synchrony admits that Plaintiff demands a trial by jury but denies that Plaintiff is entitled to one.

## PRAYER FOR RELIEF

Synchrony denies that Plaintiff is entitled to the requested relief.

## DEFENSES

In addition to the affirmative and other defenses enumerated below, Synchrony reserves the right to assert any additional defenses as may be warranted or as may be revealed by additional information received in discovery and in evidence.  Synchrony asserts these defenses without admitting that it bears the burden of proof as to each of them:

1.     Plaintiff's Complaint fails, in whole or in part, to state a claim against Synchrony upon which relief can be granted.

2.     At all times relevant to the above-captioned action, Synchrony conducted itself in conformity with applicable laws and regulations.  To the extent it committed any violation – which is expressly denied – such violation was not intentional and was a result of a bona fide error.

3.     The Complaint is barred, in whole or in part, to the extent that Synchrony's alleged actions, if such actions were done at all, were justified.

4.     Synchrony states that at all times relevant hereto it conducted itself in good faith.

5.     Plaintiff's damages, if any, were caused by the acts or omissions of an individual or entity over whom or which Synchrony exercised no control.

6.     Synchrony did not take any action that proximately caused and/or contributed to Plaintiff's alleged damages.

7.     Synchrony breached no duty at law owed to Plaintiff.

8.     Plaintiff's claims are barred in whole or in part to the extent she failed to satisfy all conditions precedent to assert a claim pursuant to TILA and/or FCBA.

9.     Plaintiff's claims are barred in whole or in part to the extent the charges at issue

9

were authorized.

10.    Plaintiff's claims are barred in whole or in part, or are subject to reduction, by the doctrines of ratification; recoupment; novation; waiver; accord and satisfaction; estoppel; laches; payment; release; res judicata; "unclean hands;" failure to mitigate damages; statute of frauds; statutory protection and immunities; improper party; and any other matter constituting an affirmative defense which may become apparent through the course of discovery.

11.    To the extent that Plaintiff has failed to mitigate her damages, Plaintiff's entitlement to which is expressly denied, Synchrony is not responsible for those damages.

12.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

13.    Plaintiff's damages, if any, were caused by the actions and/or inaction of third parties and/or intervening causes over which Synchrony had no control.

14.    Plaintiff's Complaint seeks punitive damages. Synchrony adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008).

15.    Plaintiff's claim for punitive damages is barred or limited by the provisions of 15 U.S.C. § 1681n.

16.    Synchrony pleads and asserts all applicable constitutional, statutory, and common law limitations on punitive damages.

17.    Plaintiff's claim that Synchrony committed willful violations of the Fair Credit

10

Reporting Act is barred by the principles articulated in *Safeco Ins. Co. v. Burr*, 127 S. Ct. 2201 (2007).

18.     Plaintiff's UTPCPL claim fails to the extent she does not identify a specific ascertainable loss of money or property.

19.     Plaintiff's UTPCPL claim fails to the extent it is preempted by the FCRA, TILA, and FCBA.

20.     Plaintiff's claims against Synchrony are barred to the extent that they are subject to mandatory arbitration pursuant to the contract between herself and Synchrony.

21.     Synchrony reserves the right to supplement its defenses as it continues with its factual investigation of Plaintiff's claims.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Synchrony respectfully requests that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2)     Synchrony recover its attorneys' fees and costs; and

(3)     Synchrony recover such other and additional relief as the Court deems just and appropriate.

11

Dated: June 15, 2026

Respectfully submitted,

**MCGUIREWOODS LLP**

*/s/ Blaec C. Croft*
Blaec C. Croft
Tower Two Sixty
260 Forbes Ave., Suite 1800
Pittsburgh, PA 15222
Phone: (412) 667-6057
Email: bcroft@mcguirewoods.com

*Counsel for Defendant Synchrony Bank*

12

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 15, 2026, a true and correct copy of the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ *Blaec C. Croft*
Blaec C. Croft

13